OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered August 26, 1976 (M. Marvin Berger, J.) modified by reversing it, as a matter of discretion in the interest of justice, with respect to the sentence and sentencing the defendant to a term of probation of three years upon the conditions specified in section 65.10 of the Penal Law and the conditions specified by the sentencing court and, as modified, affirmed.
The matter is remanded to the Criminal Court, New York County, for such further proceedings as may be appropriate under CPL 460.50 (subd 5).
 The documentary evidence and testimony of the People’s witness established beyond a reasonable doubt that defendant was an officer of the corporation, and that he knew or should have known of the corporation’s failure to pay the necessary benefits to the union funds (Labor Law, § 198-c; People v Trapp, 20 NY2d 613, 618). Defendant’s jury waiver, which was executed in the presence of the court immediately prior to trial, and was part of the record before the court, could be utilized by the Trial Judge in his capacity as the trier of the facts as a basis for authenticating defendant’s purported signature on the checks and corporate resolutions in evidence. The testimony with respect to defendant’s admission at a previous criminal proceeding was not a statement "involuntarily made” to a public servant within the meaning of CPL 60.45, and the prosecution was not under a duty to serve a pretrial notice of its intention to offer this evidence (see CPL 710.30, subd 1; CPL 710.20, subd 3).
In view of the nature of the offense and defendant’s personal history, incarceration was not warranted.
Concur: Hughes, J. P., Tierney and Asch, JJ.