Commonwealth vs. Richard D. Federico.
(and a companion case[1]).

Middlesex. January 6, 1981. — April 28, 1981.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Abrams, JJ.

*Constitutional Law*, Federal preemption. *Statute*, Federal preemption. *Pension Plan*.

Where Congress, through explicit statutory language, expressed its intent that the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1381 (1976), should supersede all State laws as they relate to any employee benefit plan, the supremacy clause of the United States Constitution required that such a State law be invalidated even if it did not conflict with the provisions of the Federal regulation. [487-489]

General Laws c. 151D, § 11, which permits criminal prosecution of employers who fail to make contributions to employee pension plans covered by c. 151D, is not a "generally applicable criminal law" and is, therefore, not exempt by virtue of 29 U.S.C. § 1144 (b) (4) from the preemption provisions of the Employee Retirement Income Security Act. [489-491]

Two complaints received and sworn to in Newton Division of the District Court Department on January 5 and January 26, 1979, respectively.

The cases were reported to the Appeals Court by *Chernoff, J.* The Supreme Judicial Court, on its own initiative, ordered direct review.

*Alice E. Richmond* for Donald A. Dow.

*Michael M. Maxey* for Richard D. Federico.

*Robert L. Rossi*, Assistant District Attorney, for the Commonwealth.

Hennessey, C.J. The principal issue presented by these consolidated cases is whether the Federal Employee Retire-

---

[1] Commonwealth *vs.* Donald A. Dow.

ment Income Security Act (ERISA), 29 U.S.C. §§ 1001-1381 (1976), precludes criminal prosecution under G. L. c. 151D, § 11, as appearing in St. 1973, c. 1169, § 1, for the failure of employers to make contributions to employee pension plans regulated by ERISA. We conclude that ERISA preempts § 11 of the State statute, precluding such prosecution.

The cases are before us on a report of questions by a District Court judge pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979). The facts are not in dispute. In 1971, the defendant Richard D. Federico, president of D. Federico Co., Inc., signed an agreement on behalf of the corporation providing for contributions by the corporation to the Massachusetts Laborers' Health, Welfare, Pension, Training and Legal Fund, an employee welfare benefit plan. The plan and the contributions are the subject of regulation under the Health, Welfare and Retirement Funds Law, G. L. c. 151D. A criminal complaint was filed against Federico, alleging that between December 21, 1978, and January 5, 1979, he had failed to make contributions to the plan, in violation of G. L. c. 151D, § 11.[2] A similar but unrelated complaint was issued against the defendant Donald A. Dow, treasurer of The Dow Company, Inc., alleging his failure to make employer contributions under c. 151D as provided by an agreement signed by him on behalf of the company.

In their separate proceedings, each defendant claimed a jury trial and moved to dismiss the complaint on the grounds that G. L. c. 151D, § 11, is unconstitutional and that, regardless of its constitutionality, the State statute is preempted by the Federal Employee Retirement Income Security Act, 29 U.S.C. § 1144. Because of the identity of issues

---

[2] Chapter 151D, §11, provides in pertinent part that "any person or employee, and the president, secretary, and treasurer . . . of a corporation which is an employer, who is party to an agreement to pay or provide the contributions or benefits covered by [c. 151D] . . ., and who refuses or fails or neglects to pay such contributions or payments within thirty days after [they] are required to be made shall be punished by a fine of not more than five hundred dollars or by imprisonment in a jail or house of correction for not more than one year, or both."

presented, the two cases were consolidated. The District Court judge reported to the Appeals Court five questions of law concerning Federal preemption and the constitutionality of the State statute. The text of the reported questions is set forth in the margin.[3] We transferred the cases to this court on our own motion. As our conclusion that ERISA precludes prosecutions under G. L. c. 151D, § 11, disposes of these cases, we confine our discussion to that issue.

In enacting ERISA in 1974, Congress determined that comprehensive and uniform regulation of employee benefit plans was necessary in light of the enormous growth in size, scope, and number of such plans and the attendant increase in their economic and social impact. See 29 U.S.C. § 1001(a) to (c) (1976). In addition to imposing reporting and disclosure requirements, 29 U.S.C. §§ 1021 to 1031, ERISA establishes minimum standards for pension plans, §§ 1051 to 1086, and provides for civil remedies for violations of the act's provisions, §§ 1132, 1140. For some violations, criminal penalties may be imposed, § 1131.

Federal preemption of the State's authority to regulate employee benefit plans is contained in 29 U.S.C. § 1144 (1976), which states that with certain exceptions, the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit

---

[3] "(1) Is prosecution under G. L. c. 151D, § 11 preempted, superseded, or otherwise precluded by ERISA under the Supremacy Clause of the United States Constitution?

"(2) Is prosecution under G. L. c. 151D, § 11 specifically precluded by 29 U.S.C.A. § 1144 if c. 151D, § 11 is deemed not to be generally applicable criminal law?

"(3) Is G. L. c. 151D, § 11 a generally applicable criminal law?

"(4) Is G. L. c. 151D, § 11 unconstitutional on its face under the Due Process clauses of the federal and state constitutions where:

"(a) there is no statutory requirement that the defendants or corporate employers have the ability to pay any sums that were due the Fund at the times complained of; and

"(b) the sums due the Fund are corporate debts and neither defendant signed the Agreement individually?

"(5) What, if any, is the *mens rea* or criminal intent which must be proven at trial by the Commonwealth?"

plan" covered by the act. § 1144(a). Qualified exceptions to this broad preemption are made for State laws regulating insurance, banking, and securities. § 1144(b)(2).[4] Further, the preemption provision "shall not apply to any generally applicable criminal law of a State." § 1144(b)(4).

All parties agree that the employee benefit plans involved in these cases are subject to the applicable requirements of ERISA. Nor is there dispute over whether G. L. c. 151D, § 11, penalizing delinquent contributions to employee retirement plans, "relates to" an employee benefit plan. Thus, there would seem to be little room for argument that the sweeping language of § 1144(a) requires preemption of G. L. c. 151D, § 11, unless the State statute may be characterized as a "generally applicable criminal law" under § 1144(b)(4). Despite the broad preemptive language of § 1144(a), however, the Commonwealth argues that preemption should not be found unless there is an actual conflict between ERISA and G. L. c. 151D, § 11. No such conflict exists here, urges the Commonwealth; permitting prosecutions under § 11 for failure to make the contributions that an employer is contractually obliged to make would not interfere with the requirements of ERISA.

The Commonwealth's preemption analysis might have some force had Congress not stated so explicitly in § 1144(a) its intent to override "any and all" State laws relating to employee benefit plans. Only when Congress has not clearly expressed its intent to preempt State law must a court decide whether the application of the State law would frustrate the purposes of the Federal law.[5] See *Malone* v.

---

[4] Also excepted are causes of action arising before January 1, 1975. 29 U.S.C. § 1144(b)(1).

[5] Most cases dealing with preemption, including those cited by the Commonwealth, have involved Federal laws containing no clear expression of intent to preempt, thereby necessitating judicial determination whether the Federal law was in fact incompatible with the State law. See, e.g., *Ray* v. *Atlantic Richfield Co.*, 435 U.S. 151, 157-160 (1978), and cases cited; *Florida Lime & Avocado Growers, Inc.* v. *Paul*, 373 U.S. 132 (1963); *Rice* v. *Santa Fe Elevator Corp.*, 331 U.S. 218 (1947).

*White Motor Corp.*, 435 U.S. 497, 504 (1978) (plurality opinion), and cases cited. When instead Congress, through explicit statutory language, has "unmistakably . . . ordained" that its enactment supersedes State law, the State law must be invalidated under the supremacy clause of the United States Constitution, art. 6. *Chicago & N. Western Transp. Co.* v. *Kalo Brick & Tile Co.*, 450 U.S. 311, 317 (1981) (noting that Federal law should not be deemed to preempt State law "in the absence of persuasive reasons — either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained," quoting from *Florida Lime & Avocado Growers, Inc.* v. *Paul*, 373 U.S. 132, 142 [1963]). In such situations, the State law must fall even if, as the Commonwealth contends here, it is harmonious with the Federal regulation. See *DeCanas* v. *Bica*, 424 U.S. 351, 356-357 (1976).

Not only the language of the ERISA preemptive provision but also its legislative history compel the conclusion that Congress "rejected a concept of preemption limited to conflicting or duplicate state law, in favor of applying the principle in its 'broadest sense.'" *Wadsworth* v. *Whaland*, 562 F.2d 70, 77 (1st Cir. 1977), cert. denied, 435 U.S. 980-981 (1978) (footnote omitted). See *Hewlett-Packard Co.* v. *Barnes*, 425 F. Supp. 1294, 1297-1300 (N.D. Cal. 1977), aff'd per curiam, 571 F.2d 502 (9th Cir.), cert. denied, 439 U.S. 831 (1978); *National Carriers' Conference Comm.* v. *Heffernan*, 454 F. Supp. 914, 915-917 (D. Conn. 1978).[6]

Having determined that G. L. c. 151D, § 11, is not exempted, under general principles of the doctrine of preemption, from the preemptive impact of 29 U.S.C. § 1144(a), we must decide whether § 11 is nonetheless exempted under the saving clause of § 1144(b)(4), which leaves intact "any generally applicable criminal law of a State."

---

[6] The cases cited detail the legislative history of § 1144(a), focusing in part on the fact that the original version of ERISA contained a far narrower preemption clause, which was replaced by the current comprehensive provision in an effort to avoid litigation about the applicability of State law.

The Commonwealth contends that § 11 is a "generally applicable" law because it punishes all employers, as well as certain corporate officers, who fail to abide by their contractual obligations to make contributions to retirement benefit plans.[7] Such reasoning was adopted by a New York County Court in *Goldstein* v. *Mangano*, 99 Misc. 2d 523, 532 (N.Y. Kings County Ct. 1978), which found that a New York criminal statute similar to G. L. c. 151D, § 11, was "generally applicable" because it affected all employers within the State. We disagree.

The § 1144(b)(4) exception from preemption for "generally applicable" State criminal laws appears designed to prevent otherwise criminal activity from being immunized from prosecution simply because the activity "relates to" an employee benefit plan. The exception seems directed toward criminal laws that are intended to apply to conduct generally — criminal laws against larceny and embezzlement, for example. By virtue of § 1144(b)(4), a State is not precluded from prosecuting, under a theft statute applicable to the entire population, an employer who steals money from an employee benefit plan, simply because the theft involved such a plan. But by limiting the § 1144(b)(4) exception to criminal laws of *general* applicability, Congress apparently intended to preempt State criminal statutes aimed specifically at employee benefit plans. See *National Carriers' Conference Comm.* v. *Heffernan*, 454 F. Supp. 914, 915-916 (D. Conn. 1978); *Bucyrus-Erie Co.* v. *Department of Industry, Labor & Human Relations of the State of Wis.*, 599 F.2d 205, 208 (7th Cir. 1979);[8] Hutchinson & Ifshin, Federal Preemption of State Law under the Employee Retirement Income Security Act of 1974, 46 U. Chi. L. Rev. 23, 72 (1978). General Laws c. 151D, § 11, is such a criminal statute and thus is not entitled to exception from

[7] See note 2, *supra*.

[8] The cited cases do not involve criminal laws. *Goldstein* v. *Mangano*, 99 Misc. 2d 523 (N.Y. Kings County Ct. 1978), discussed in the preceding paragraph in the text, appears to be the only reported case in which a State criminal law was challenged as being preempted by ERISA.

preemption under § 1144(b)(4). The United States Secretary of Labor, in an opinion letter, has reached the same conclusion. 5 Pension Plan Guide (CCH) par. 25, 304, Opinion Letter 79-36, at 27,005-33 to 27,005-34 (October 5, 1979) (noting that ERISA preempts not only § 11, but also G. L. c. 151D in its entirety).

As prosecution of these defendants for violations of G. L. c. 151D, § 11, is precluded under ERISA, we answer "Yes" to reported questions 1 and 2, and "No" to reported question 3. The cases are remanded to the District Court judge for dismissal of the complaints.

*So ordered.*