OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiffs and cross motion by defendant Charles Vachris each for summary judgment plus additional relief is granted to the extent noted below and otherwise denied.
The individually named plaintiffs are the trustees of Local 282 Welfare and Pension Trust Funds and as such trustees they are responsible for the administration of such funds. This fund was established by Local Union 282 which is affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America to provide welfare and retirement benefits for its members and other covered employees. Heretofore and prior to the commencement of this action during the periods of May, 1978 through February 9, 1979 inclusive, certain employees performed work, labor and services for Vacar Construction Corp. at its request and upon its promise pursuant to *798 the terms of written collective bargaining and trust agreements to pay welfare, pension, unemployment and annuity contributions, together with interest and expenses of collection if payment was not made when due to the plaintiffs as trustees. As a result of the failure to pay said contributions when due, notice in writing was given to the individual defendants who are allegedly the shareholders of Vacar Construction Corp. Plaintiffs served said notice pursuant to section 630 of the Business Corporation Law and section 198-c of the Labor Law seeking to hold the officers and shareholders of Vacar Construction Corp. liable for the aforesaid failure to pay the claimed contributions. No action has been commenced as against Vacar Construction Corp. to collect the sums due since that corporation filed a petition for an arrangement under chapter 11 of the Bankruptcy Act (US Code, tit 11) in the United States District Court Eastern District of New York, and creditors were enjoined from commencing any court proceeding as a result thereof. Cross movant seeks summary judgment dismissing the complaint on the ground that plaintiffs’ claims under section 630 of the Business Corporation Law and section 198-c of the New York State Labor Law have been pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA; US Code, tit 29, § 1001 et seq.) and upon an additional ground that plaintiff failed to give timely notice pursuant to section 630 of the Business Corporation Law. This claim as to untimely notice is denied as moot.
As stated in Young v Sheet Metal Workers’ Int. Assn. Prod. Workers Welfare Fund (112 Misc 2d 692, 698): “The ERISA statute, the legislative history surrounding its enactment and ‘[t]he thrust of all the Federal decisions dealing with Employee Retirement Income Security Act clearly establishes Federal domination over the establishment, conduct, supervision and regulation of pension and retirement [and welfare] plans covered by the statute.’ (National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3, 93 Misc 2d 590, 594, affd 69 AD2d 679 [app dsmd 48 NY2d 752].) Indeed, it has been held that subdivision (a) of section 1144 of ERISA evinces Congress’ intent To establish pension [and welfare] plan *799 regulation as exclusively a federal concern’. (See Alessi v Raybestos-Manhattan, Inc., 451 US 504, 523.) The ‘preemption is nearly total’, excluding ‘all State participation in the regulation of employee benefit plans.’ (See Goldstein v Mangano, 99 Misc 2d 523, 530; Marshall v Chase Manhattan Bank, 558 F2d 680; Wayne Chem. v Columbus Agency Serv. Corp., 426 F Supp 316; Hewlett-Packard Co. v Barnes, 425 F Supp 1294.)”
Section 1132 (subd [e], par [1]) of title 29 of the United States Code provides as follows: “Except for actions under subsection (a) (1) (B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a) (1) (B) of this section.”
Clearly not applicable to the instant action is section 1132 which provides:
“Civil enforcement
“(a) A civil action may be brought —
“(1) by a participant or beneficiary * * *
“(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan”.
It seeks to hold officers and shareholders of a bankrupt corporation liable for failure to make contributions, pursuant to agreement to pension and welfare funds. As a result the exclusive jurisdiction in the District Court of the United States set forth in section 1132 (subd [e], par [1]) of title 29 of the United States Code applies here. This section and the general “Federal pre-emption” provision in ERISA (US Code, tit 29, § 1144) are in agreement.
“§ 1144. Other laws.
“(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit *800 plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.”
The instant benefit plan does fall within subdivision (a) of section 1003 of title 29 of the United States Code and is not excluded under subdivision (b) of section 1003. As a result ERISA does pre-empt with respect to section 630 of the New York State Business Corporation Law. However, this is not true with respect to section 198-c of the Labor Law.
Section 198-c of the Labor Law provides in part:
“1 * * * [A]ny employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees * * * who fails, neglects or refuses to pay the amount or amounts necessary * * * within thirty days after such payments are required to be made, shall be guilty of a misdemeanor * * * Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.
“2 * * * [T]he term ‘benefits or wage supplements’ includes, but is not limited to, reimbursement for expenses; health, welfare and retirement; benefits; and vacation, separation or holiday pay.”
The constitutionality of these provisions has long been established (People v Trapp, 20 NY2d 613; Powers v Adcraft Typographers, 86 AD2d 566, mot for lv to app den 56 NY2d 505; People v Doundoulakis, 38 Misc 2d 984). Furthermore, section 1144 (subd [b], par [4]) of ERISA states that: “(4) Subsection (a) of this section shall not apply to any generally applicable criminal law of a State.”
The phrase “generally applicable criminal law of a State” is not defined in title 29 (subd [b], par [4]) of the United States Code (ERISA) cited above. However, “A generally applicable law is one which extends to the entire State and embraces all persons or things of a particular class (McKinney’s Cons Laws of NY, Book I, Statutes, § 32, subd b). ‘[T]he Penal Law of the State is a general law. It has general application to all of the inhabitants of the State’. (People v Wilkerson, 73 Misc 2d 895, 898.)” (Gold *801 stein v Mangano, supra, at pp 531-532; see, also, pp 528-529.)
Nor is it arguable “that because section 198-c is not found in the penal code, it cannot be classified as a ‘generally applicable criminal law of a State’. Research reveals that until the laws of New York State were reorganized in 1965, section 198-c did appear in the penal code (Penal Law, § 962-a; see L 1958, ch 825). No substantive change was made in the law at the time of the recodification, and there is nothing in the Sessions Laws to indicate that any change in its import was intended by relocating it. Thus, the court sees the reorganization as undoubtedly a product of legislative ‘tidying’ and in no way an indication of a shift in legislative thinking on section 198-c’s status as a criminal law. That same intent was manifest in the Legislature’s later shifting of section 198-a, which imposes criminal penalties on an employer who fails to pay wages, from the Penal Law to the Labor Law. (Penal Law, § 1272, recodified and renum L 1965, ch 1031.) It is clear that section 198-c falls within the ERISA exemption as a statute affecting all employers within the State, thus permitting the assessing of liability against * * * [officers of the Vacar Construction Corp.] under that statute.” (Goldstein v Mangano, supra, at p 532; see, also, People v Reilly, 93 Misc 2d 61, 62; see, also, Johnson v Clay Partition Co., 93 Misc 2d 414, affd 65 AD2d 737; People v Penn Cent. Transp. Co., 95 Misc 2d 748, 751.)
The provisions of section 198-c of the Labor Law have been interpreted as imposing civil liability as well as criminal sanctions (see Excavators Union Local 731 Welfare Fund v Zurmuhlen, 68 AD2d 816; Johnson v Clay Partition Co., 65 AD2d 737, affg 93 Misc 2d 414, supra).
Charles F. Vachris is president of Vacar Construction Corp. and Robert L. Meschi admittedly was “given the title of Secretary-Treasurer” and they are therefore officers of that corporation. As such officers they were in violation of section 198-c of the Labor Law as noted above. Defendant Anthony Vachris has defaulted in appearing. However, his brother Charles Vachris has testified that Anthony Vachris was the vice-president of Vacar Construction Corp. at the time of the failure to pay the benefits required. As a *802 result he too is guilty of violation of section 198-c of the Labor Law. There is no question that Helen Vachris was not an officer of this corporation and the second cause of action is accordingly dismissed as against her.
Summary judgment against Charles Vachris, Anthony Vachris and Robert L. Meschi is accordingly granted against them on the second cause of action pursuant to section 198-c of the Labor Law. The first cause of action pursuant to section 630 of the Business Corporation Law is dismissed as pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA, tit 29, § 1001 et seq.).