559 F.Supp. 561 (1983)
TRUSTEES OF SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION PRODUCTION WORKERS' WELFARE FUND (NEW YORK), Plaintiff,
v.
ABERDEEN BLOWER AND SHEET METAL WORKERS, INC.; Melvin Levine and Ed Ermann, Defendants.
No. 82 C 2624.
United States District Court, E.D. New York.
March 29, 1983.
*562 Edmund P. D'Elia, P.C., New York City, for plaintiff.
Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City (Stephen H. Kahn, New York City, of counsel), for defendants.

MEMORANDUM AND ORDER
NICKERSON, District Judge.
Plaintiffs, trustees of a benefit fund for employees of the defendant corporation, sue the corporation and two of its officers, defendants Levine and Ermann, to collect benefit fund contributions said to be due from the corporation under a collective bargaining agreement, and to obtain injunctive relief. Jurisdiction is asserted under the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.
Levine and Ermann move to dismiss, asserting, among other things, that the claim against them, which is based on New York State law, is preempted by ERISA.
Under 29 U.S.C. § 1144(a) the provisions of the ERISA legislation "shall supersede [with certain exceptions] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described in the legislation. The exception on which plaintiffs rely is set forth in section 1144(b)(4) and provides that section 1144(a) "shall not apply to any generally applicable criminal law of a State." Plaintiffs contend that section 198-c of the New York Labor Law is such a "generally applicable" criminal law and that it gives rise to a civil claim against Levine and Ermann.
Section 198-c of the New York Labor Law recites, in pertinent part, that, in addition to any other legal penalties, an employer who is party to an agreement to pay benefits "to a third party or fund for the benefit of employees" and who fails to pay the "amounts necessary to provide such benefits" within thirty days of the due date shall be guilty of a misdemeanor, and that, where the employer is a corporation, the "officers exercising corresponding functions shall each be guilty of a misdemeanor." Some New York courts have construed this section to impose civil liability at least on those corporate officers who actually know of the nonpayment. See, e.g., Excavators Union Local 731 Welfare Fund v. Zurmuhlen, 68 A.D.2d 816, 414 N.Y.S.2d 140 (1st Dep't 1979); Johnson v. Clay Partition Co., Inc., 93 Misc. 414, 402 N.Y.S.2d 912 (Sup.Ct. N.Y.Cty.1977), aff'd, 65 A.D.2d 737, 411 N.Y.S.2d 189 (1st Dep't 1978).
Plainly this state law "relate[s] to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a). But in the cited cases the issue of federal preemption was not raised.
A New York Civil Court opinion has held that section 198-c is a "generally applicable law" of New York State, and that therefore a civil action based on that law is not superseded by the ERISA legislation. Goldstein v. Mangano, 99 Misc.2d 523, 417 N.Y.S.2d 368 (Civ.Ct.Kings Cty.1978). The opinion reached the conclusion that the state law was "generally applicable" on the ground that the New York Penal Law was a law having "general application to all of the inhabitants of the State," and in the case *563 before the court to "all employers within the state."
The issue must, of course, be decided not by reference to classifications made by the state of its laws but by ascertaining what Congress' language means. One cannot fairly attribute to Congress the purpose in 29 U.S.C. § 1144(b)(4) to except from preemption all the criminal laws of the states. To do so would be to read out of the section the words "generally applicable." Every criminal law, if it is to be consistent with the Constitution, is "general" in the sense that it must apply not to specific acts of a specific individual but to some class of circumstances.
The legislative history is not helpful, and there appear to be no holdings in the federal courts as to whether a law such as section 198-c is superseded. But dicta in National Carriers' Conf. Com. v. Heffernan, 454 F.Supp. 914, 915-916 (D.Conn.1978) (per Newman, J.), and Bucyrus-Erie Co. v. Dept. of Industry, Labor, etc., 599 F.2d 205, 208 (7th Cir.1979), cert. denied, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980), have suggested that by limiting the exclusion from preemption to only those criminal laws of "general" applicability, Congress manifested a purpose to supersede criminal laws directed specifically at employee benefit plans. The Supreme Judicial Court of Massachusetts so held in Commonwealth v. Federico, 383 Mass. 485, 419 N.E.2d 1374, 1377-78 (Mass.1981).
This court agrees with those views. No doubt Congress did not wish to supersede criminal laws applying in general terms to conduct such as larceny or embezzlement. But if the words "generally applicable" contained in the exception are to mean anything, laws aimed specifically at benefit plans cannot stand.
The court need not consider the other arguments advanced by defendants.
The motion of defendants Levine and Ermann to dismiss is granted. So ordered.