ROBERT SASSO et al., as Trustees of Local 282 Welfare and Pension Trust Funds, Appellants-Respondents, v CHARLES F. VACHRIS, Respondent-Appellant, and ANTHONY VACHRIS et al., Respondents.

Second Department, December 31, 1984

## APPEARANCES OF COUNSEL

*Sunshine, Slott & Sunshine, P. C. (Steven R. Miller* of counsel), for appellants-respondents.

*Wikler Gottlieb Taylor & Howard (Richard H. Abelson* of counsel), for respondent-appellant.

## OPINION OF THE COURT

EIBER, J.

█ The primary issue in the case at bar is whether section 630 of the Business Corporation Law is preempted by the Federal Employee Retirement Income Security Act of 1974 (US Code, tit 29, § 1001 *et seq.,* hereinafter ERISA). We believe section 630, under which the 10 largest shareholders of certain corporations may be held jointly and severally liable for contributions the corporation should have remitted to welfare benefit funds, falls within the Federal preemption statute (US Code, tit 29, § 1144, subd [a]), notwithstanding the fact that it does not conflict with the general objectives of ERISA.

The underlying facts are, for the most part, undisputed. Plaintiffs, as trustees of a welfare and pension trust fund established by Local Union 282 which is affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, sued the shareholders (defendants Charles Vachris, Anthony Vachris and Helen Vachris) and the officers (defendants Charles Vachris, Anthony Vachris and Robert Meschi) of Vacar Construction Corp. (hereinafter Vacar) based upon its failure to pay certain sums into an employee benefit trust fund established in accordance with collective bargaining and trust agreements. The first cause of action in plaintiffs' complaint is asserted against the shareholders and is grounded upon section 630 of the Business Corporation Law. Section 630 applies to any corporation that is not an investment company registered under the Federal Investment Company Act of 1940 (US Code, tit 15, § 80a-1 *et seq.*) and that does not either list its shares on a national securities exchange or regularly quote its shares in an over-the-counter market by a member of a national or an affiliated securities association. Under section 630, joint and several personal liability is imposed upon the 10 largest shareholders of such a corporation for debts, wages or salaries owed to the corporation's employees. Welfare and pension benefits are expressly covered by the statute (Business Corporation Law, § 630, subd [b]). The second cause of action in plaintiffs'

complaint is asserted against Vacar's officers and is founded upon section 198-c of the Labor Law which imposes criminal penalties upon any employee who is obliged to, *inter alia,* pay amounts into an employee benefit fund but fails, neglects or refuses to do so within 30 days of when the payments are due (see, also, Labor Law, § 198-a). The statute covers certain officers of a corporate employer (Labor Law, § 198-c, subd 1) who stand "in such a relation to the corporate affairs that it may be presumed that [they] knew or should have known of and taken some steps to prevent the nonpayment" (*People v Trapp,* 20 NY2d 613, 618 [interpreting section 962-a of the former Penal Law, a predecessor provision of current section 198-c of the Labor Law]).

The plaintiff trustees moved, *inter alia,* for summary judgment on both causes of action. Defendants Helen Vachris and Robert Meschi opposed the motion, and defendant Charles Vachris cross-moved for summary judgment. By order dated November 12, 1982, Special Term dismissed the first cause of action but granted summary judgment against Charles Vachris, Anthony Vachris and Robert Meschi on the second cause of action. Plaintiffs appealed and defendant Charles Vachris cross-appealed therefrom. On December 22, 1982, judgment was entered upon the order of Special Term. The right of direct appeal from the order terminated with the entry of the judgment thereon (see *Matter of Aho,* 39 NY2d 241, 248). However, we have deemed the notices of appeal and cross appeal from the order also to be premature notices of appeal and cross appeal from the judgment (CPLR 5520, subd [c]), and have reviewed the propriety of the order on the appeal from the judgment as the former necessarily affected the latter (CPLR 5501, subd [a], par 1).

At the outset, the question of State court jurisdiction must be addressed. In regard to the first cause of action, Special Term concluded exclusive jurisdiction rested in the Federal District Courts. Section 1132 (subd [e], par [1]) of title 29 of the United States Code provides: "Except for actions under subsection (a) (1) (B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a) (1) (B) of this section."

Plaintiffs' cause of action is not one under section 1132 (subd [a], par [1], cl [B]) of title 29 of the United States Code, which

pertains to civil actions brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan". Nor is plaintiffs' cause of action nominally being brought under ERISA.

The parties implicitly agree that similar relief, i.e., holding the 10 largest shareholders of certain corporations personally liable for the corporation's failure to make employees' welfare benefit fund contributions, is not expressly available under ERISA (cf. US Code, tit 29, § 1132; see, also, US Code, tit 29, § 1145). The cause of action is not against the corporation as employer.[1] Rather, the theory upon which the three shareholders are sought to be held is solely predicated on State law and is asserted against persons upon whom ERISA has apparently not imposed personal liability. Hence, we conclude that the New York State Supreme Court had jurisdiction over the first cause of action.

Special Term was also of the view that ERISA preempts the remedy accorded by section 630 of the Business Corporation Law. Subdivision (a) of section 514 of ERISA (88 US Stat 897), the supersedure provision, declares: "(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003 (a) of this title and not exempt under section 1003 (b) of this title. This section shall take effect on January 1, 1975" (US Code, tit 29, § 1144, subd [a]).[2]

There is no claim that the employee benefit plans at bar do not fall within the embrace of section 1003 (subd [a]) of title 29 of the United States Code or that they are exempt under subdivision (b) of section 1003 thereof. Nor does subdivision (b) of section

---

1. Indeed, plaintiffs were thwarted from proceeding against Vacar for delinquent contributions. On February 9, 1979, Vacar filed a petition for an arrangement under chapter XI of the Bankruptcy Act (US Code, tit 11, § 1101 *et seq.*) in the United States District Court for the Eastern District of New York. As a result, creditors were enjoined from commencing any court proceeding against Vacar.

2. "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State" (US Code, tit 29, § 1144, subd [c], par [1]). "The term 'State' includes a State, any political subdivisions thereof, or any agency or instrumentality of either, which purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans covered by this subchapter" (US Code, tit 29, § 1144, subd [c], par [2]).

1144 provide an applicable exception with respect to section 630 of the Business Corporation Law. The focus of inquiry thus becomes whether section 630 of the Business Corporation Law impermissibly "relate[s] to" the employee benefit plans for purposes of the Federal supersedure statute. We conclude that it does.

In interpreting the scope of the preemption statute, which the Supreme Court has described as being "virtually unique" (*Franchise Tax Bd. v Laborers Vacation Trust*, 463 US 1, 24, n 26), the Supreme Court has employed a case-by-case approach. In *Alessi v Raybestos-Manhattan* (451 US 504), the court found a New Jersey statute which prohibited a method of calculating pension benefits that Congress had intended to permit, to be preempted pursuant to subdivision (a) of section 514 of ERISA. Justice Marshall's opinion for the court (Brennan, J., taking no part) read the supersedure provision as evidence of the intent of Congress "to depart from its previous legislation that 'envisioned the exercise of state regulation power over pension funds'" (*Alessi v Raybestos-Manhattan, supra,* p 523, quoting plurality opinion in *Malone v White Motor Corp.,* 435 US 497, 512, 514) and "to establish pension plan regulation as exclusively a federal concern" (*Alessi v Raybestos-Manhattan, supra,* p 523). In *Alessi,* the United States Court of Appeals for the Third Circuit had read the relevant legislative history as an indication that "the preemptive intent is just as broad as [the supersedure provision's] language suggests" and concluded that "the preemption provision is intended to be read in its normal dictionary sense" (*Alessi v Raybestos-Manhattan,* 616 F2d 1238, 1250). In affirming, the Supreme Court observed that it arrived at the same preemption conclusion "by a different route" (*Alessi v Raybestos-Manhattan, supra,* p 524). The court declared (p 525) that it "need not determine the outer bounds of ERISA's pre-emptive language to find this New Jersey provision an impermissible intrusion on the federal regulatory scheme."

Two years later, the Supreme Court undertook a deeper exploration into the outer bounds of subdivision (a) of section 514 of ERISA in *Shaw v Delta Air Lines* (463 US 85). Under examination in *Shaw* was the effect of subdivision (a) of section 514 upon both the Human Rights Law (Executive Law, art 15), which prohibited discrimination in employee benefit plans on the basis of pregnancy (Executive Law, § 296, subd 1, par [a]; see *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84) and the Disability Benefits Law (Workers' Compensation Law, art 9), which currently requires employers to provide

the same benefits for pregnancy-related and nonpregnancy-related nonoccupational disabilities (Workers' Compensation Law, §§ 204, 205). The court had "no difficulty" in concluding that both the Human Rights Law and the Disability Benefits Law " 'relate[d] to' " employee benefit plans (*Shaw v Delta Air Lines*, 463 US 85, 96, *supra*). Justice Blackmun observed for a unanimous court:

"The breadth of § 514(a)'s pre-emptive reach is apparent from the section's language. A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Employing this definition, the Human Rights Law, which prohibits employers from structuring their employee benefit plans in a manner that discriminates on the basis of pregnancy, and the Disability Benefits Law, which requires employers to pay employees specific benefits, clearly 'relate to' benefit plans. We must give effect to this plain language unless there is good reason to believe Congress intended the language to have some more restrictive meaning * * *

"In fact, however, Congress used the words 'relate to' in their broad sense * * *

"Nor, given the legislative history, can § 514(a) be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA — reporting, disclosure, fiduciary responsibility, and the like. The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that the section's pre-emptive scope was as broad as its language." (*Shaw v Delta Air Lines*, 463 US 85, 98, *supra*.)

In a footnote to the above passage, the Supreme Court quoted the definition of "relate" given in the fifth edition of Black's Law Dictionary as: "[t]o stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with" (*Shaw v Delta Air Lines*, 463 US 85, 97, n 16, *supra*). In view of the broad, plain language of subdivision (a) of section 514 of ERISA, unrestricted by legislative history, section 630 of the Business Corporation Law clearly has a close relation, as applied, to the employee benefit plans at bar. Moreover, the mere fact that section 630 of the Business Corporation Law does not frustrate Congressional intent does not save it from falling within the operation of the preemption statute (see *Shaw v Delta Air Lines*, 463 US 85, 96, n 15, *supra* [observing that the pre-emption conclusion in *Alessi v Raybestos-Manhattan*, 451 US 504, *supra*, turned upon the State statute's frustration of

Congressional intent and that such tension was not present in *Shaw*]). Section 630 of the Business Corporation Law "relate[s] to" employee benefit plans insofar as it provides a potential enforcement mechanism not encountered in ERISA for plans governed by ERISA.

The preemption conclusion we reach with respect to section 630 of the Business Corporation Law is initially somewhat difficult to reconcile with a subsequent amendment to ERISA. In 1980, Congress added the following section to ERISA:

"Delinquent contributions

"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement" (ERISA, § 515, US Code, tit 29, § 1145).

At the outset, we note that the record is unclear as to whether the plan at bar is a multiemployer plan within the meaning of that term as it is defined in the United States Code (tit 29, § 1002, subd [37]). The legislative history concerning section 515 of ERISA reveals that its enactment was partially motivated by a desire to "simplify and expedite plan trustees' suits to recover contractually required but delinquent employers' contributions" (*Kaiser Steel Corp. v Mullins,* 455 US 72, 92, 91-96 [Brennan, J., dissenting]; see, also, *Central States Southeast & Southwest Areas Pension Fund v Alco Express Co.,* 522 F Supp 919, 922 [observing that under ERISA "delinquent contributions were enforced by an action founded either on state law, the collective bargaining agreement between the parties or the trust agreement forming the foundation for the employee benefit plan. By adding Section 515 to ERISA the 1980 amendments created a statutory cause of action"]).

It has been aptly noted, however, that section 515 of ERISA did not impose any unanticipated substantive obligation upon an employer not to be delinquent in making employee benefit plan contributions (*Central States Southeast & Southwest Areas Pension Fund v Alco Express Co., supra,* p 929). Indeed, it is arguable that when an employer is delinquent, a pension fund has a cause of action under section 502 (subd [a], par [3], cl [B], subcl [ii]) of ERISA (88 US Stat 891) (US Code, tit 29, § 1132, subd [a], par [3], cl [B], subcl [ii]) which provides that "a civil action may be brought * * * to enforce * * * the terms of the

plan". In *Mullins v Kaiser Steel Corp.* (642 F2d 1302, revd 455 US 72, *supra*), the United States Court of Appeals for the District of Columbia opined, prior to the effective date of section 515 of ERISA (US Code, tit 29, § 1145), that a trustees' suit to recover contributions due to employee benefit funds as required by the terms of a collective bargaining agreement could be maintained under both section 301 of the Labor Management Relations Act of 1947 (61 US Stat 156) (US Code, tit 29, § 185) *and* section 502 of ERISA (US Code, tit 29, § 1132). In reversing, the Supreme Court found it unnecessary to reach the issue of whether such was a suit that could be brought under section 502 of ERISA (*Kaiser Steel Corp. v Mullins,* 455 US 72, 89, n 14, *supra*). But an express policy of ERISA as enacted in 1974 was to "protect * * * the interests of participants in employee benefit plans and their beneficiaries * * * by providing for appropriate remedies, sanctions, and ready access to the Federal courts" (US Code, tit 29, § 1001, subd [b]). Hence, regardless of whether the plan at bar is a "multiemployer plan" or whether section 515 of ERISA (US Code, tit 29, § 1145) would apply to the instant situation, we are not convinced that the trustees had no recourse under ERISA when Vacar became delinquent in its benefit fund contributions.

Even though ERISA does not permit, at least on its face, a remedy identical to that provided in section 630 of the Business Corporation Law, our preemption conclusion is buttressed by ERISA's enumeration in section 502 thereof (US Code, tit 29, § 1132) of methods of civil recourse available to participants, beneficiaries and fiduciaries who are aggrieved in some way by any act or practice which violates subchapter I of chapter 18 of title 29 of the United States Code or the terms of the plan (see *Russell v Massachusetts Mut. Life Ins. Co.,* 722 F2d 482, cert granted __ US __, 105 S Ct 81 [State law causes of action for improper handling of claims under benefit plans preempted by ERISA, which provides Federal cause of action for breach of certain fiduciary duties by those administering benefit plans; although ERISA does not give rise to separate cause of action for negligent or intentional infliction of emotional distress, and damages for mental or emotional distress accompanied by physical manifestation are recoverable under section 1109 of title 29 of the United States Code, claims for negligent and intentional infliction of emotional distress arising from the handling of plaintiff's disability benefits are preempted by ERISA]; *Kelly v International Business Mach. Corp.,* 573 F Supp 366 [State wrongful discharge claim, which addressed same type of wrong

prohibited by ERISA, preempted by ERISA]; *Ogden v Michigan Bell Tel. Co.,* 571 F Supp 520 [State common-law cause of action preempted by ERISA where Congress indicated its intent to occupy the field in the subject being regulated and where Congress provided a remedy for the wrong alleged]; *Tolson v Retirement Committee of Briggs & Stratton Retirement Plan,* 566 F Supp 1503 [common-law protection of contract rights "relate[s] to" ERISA plan where the contract which allegedly has been breached is an ERISA plan]; *Shaw v International Assn. of Machinists & Aerospace Workers Pension Plan,* 563 F Supp 653 [claim based on contract law must fail where necessary party was not joined and, alternatively, because ERISA preempted common-law cause of action for breach of contract]; *Gordon v Matthew Bender & Co.,* 562 F Supp 1286 [State cause of action for tortious interference with employee benefit plans preempted by ERISA; plaintiff has remedy in section 510 of ERISA (88 US Stat 895) (US Code, tit 29, § 1140)]; *Witkowski v St. Anne's Hosp.,* 113 Ill App 3d 745 [wrongful discharge claim closely tracks section 510 of ERISA claim; therefore, plaintiff cannot elect to pursue State tort and contract causes of action]; cf. *Whitaker v Texaco, Inc.,* 566 F Supp 745 [motion to dismiss denied where two counts which presented traditional State law causes of action also stated, under liberal reading, causes of action under ERISA]; but see *Kelly v International Business Mach. Corp., supra* [State claim for intentional infliction of emotional distress regarding handling of claims for employee benefits not preempted because such cause of action impacts upon ERISA benefit plans in too tenuous a way to be considered as "relating to" such plans]; *Provience v Valley Clerks Trust Fund,* 509 F Supp 388 [State statutory and Judge made laws yielding causes of action for fraud, bad faith and unfair dealing in all contracts and intentional infliction of emotional distress not preempted because such laws were of general application pertaining to an area of important State concern and only had an indirect effect on the plan]; *Shaver v Monroe Constr. Co.,* 63 NC App 605, petition and cross petition for discretionary review den 310 NC 154 [Federal court lacked jurisdiction over State law fraudulent misrepresentation claim that defendants lied concerning the continued existence of a pension plan in order to induce plaintiff to remain with defendant where claim was not covered by ERISA and did not relate to pension plan]).

Finally, it is significant that Congress expressly exempted from the grasp of the supersedure provision generally applicable State criminal statutes which seek to punish those whose conduct with respect to a plan governed by ERISA amounts to a

criminal offense (US Code, tit 29, § 1144, subd [b], par [4]). No similar explicit exemption with respect to State civil recourse methods, such as that contained in section 630 of the Business Corporation Law, was written into ERISA (cf. US Code, tit 29, § 1144, subd [b]). In a similar vein, Justice Blackmun noted: "To interpret § 514(a) to preempt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of § 514. It would have been unnecessary to exempt generally applicable state criminal statutes from pre-emption in § 514(b), for example, if § 514(a) applied only to state laws dealing specifically with ERISA plans" (*Shaw v Delta Air Lines,* 463 US 85, 98, *supra*).

In sum, we conclude that subdivision (a) of section 514 of ERISA (88 US Stat 897) supersedes section 630 of the Business Corporation Law insofar as it relates to the employee benefit plans at bar. Accordingly, Special Term properly dismissed the first cause of action premised upon section 630 of the Business Corporation Law.

■ Our analysis with respect to the second cause of action asserted against Vacar's officers under section 198-c of the Labor Law is much simpler. The Court of Appeals recently indicated that no civil cause of action is to be implied from section 198-c of the Labor Law (*Stoganovic v Dinolfo,* 61 NY2d 812, affg 92 AD2d 729 for reasons stated in mem at App Div). Thus, any preemption or jurisdiction question with respect to this statute is academic. Nevertheless, relying upon *Hecht v City of New York* (60 NY2d 57), the plaintiff trustees urge that the judgment entered by Special Term against the defendant officers Robert Meschi and Anthony Vachris should remain in full force and effect because said defendants did not cross appeal. However, we may grant summary judgment to a nonmoving party under CPLR 3212 (subd [b]), which provides in part that "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion", even where the nonmovant has not appealed (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). The defendant officers are entitled to judgment as a matter of law with respect to the second cause of action.

Accordingly, the order under review should be modified by deleting the provision thereof denying the branch of the cross motion of defendant Charles Vachris which was for summary judgment dismissing the plaintiffs' second cause of action as against him and substituting therefor a provision, that upon

searching the record, the second cause of action is dismissed as against all the defendants against whom it is asserted. The judgment appealed from should be modified, on the law, by deleting the first decretal paragraph thereof and by deleting after the words "ADJUDGED, that the action be dismissed" the words "as against Helen Vachris" from the second decretal paragraph thereof and substituting therefor the words "in its entirety". One bill of costs should be awarded to the respondent-appellant.

TITONE, J. P., RUBIN and BOYERS, JJ., concur.

Judgment entered December 22, 1982, modified, on the law, by deleting the first decretal paragraph thereof and by deleting the words "as against defendant Helen Vachris" from the second decretal paragraph thereof and substituting therefor the words "in its entirety", and order dated November 12, 1982, modified by deleting therefrom the provision denying the branch of the cross motion of defendant Charles Vachris which was for summary judgment dismissing the plaintiffs' second cause of action as against him and substituting therefor a provision, that upon searching the record, the second cause of action is dismissed as against all the defendants against whom it is asserted. As so modified, judgment affirmed.

The respondent-appellant is awarded one bill of costs.