Daniel J. SFORZA, et al.

v.

KENCO CONSTRUCTIONAL CON-
TRACTING, INC., Kenneth Gross
and Robert Kravitz.

Civil No. H–84–1011 (AHN).

United States District Court,
D. Connecticut.

Feb. 25, 1986.

J. William Gagne, Jr., Hartford, Conn.,
for plaintiffs.

Richard C. Robinson, Sorokin & Sorokin,
P.C., Hartford, Conn., for defendants.

## MEMORANDUM OF OPINION

NEVAS, District Judge.

In this action the plaintiffs, trustees of
the Connecticut Union Painters Insurance
Fund, claim that the defendants failed to
make payments to a multiemployer health
and welfare insurance plan as agreed to in
a collective bargaining agreement. They
seek to impose personal liability on the two
individual defendants who are allegedly of-
ficers of the defendant corporation [1] pursu-
ant to Conn.Gen.Stat. Section 31–89a(b)
which provides civil liability and criminal
penalties for a responsible individual's fail-
ure to make such contributions.[2] At issue
in the individual defendants' motion for
summary judgment is whether this state
statute is a "generally applicable criminal
law" within the meaning of Section
514(b)(4) of the Employee Retirement In-
come Security Act of 1974 ("ERISA"), 29
U.S.C. Section 1144(b)(4), which exempts

---

1. The defendant, Kenneth Gross, is conceded to
be an officer and the sole shareholder of the
corporation. An affidavit submitted by defend-
ant Gross states that Robert Kravitz is not an
officer or director of the corporation. The
plaintiffs do not offer any evidence to contro-
vert this assertion.

2. Conn.Gen.Stat. Section 31–89a(b) in relevant
part provides that: "Any proprietor or partner
who fails to pay the contributions when due to

an employee welfare fund ... or any officer,
director or employee of any corporation who
has been made responsible by the corporation
for payment of such contributions which have
not been paid when due, shall be fined not more
than two hundred dollars or imprisoned not
more than thirty days or both for each week of
nonpayment. In addition ... the officers or
directors of any corporation which fails to pay
such contributions when due ... shall be per-
sonally liable in a civil action for payment of
the amounts due such fund, as well as costs and
reasonable attorney's fees."

such laws from ERISA's broad preemption provision, 29 U.S.C. Section 1144(a).[3]

The parties agree that there is no genuine issue of material fact and that the only issue before the court is whether the individual defendants are liable for delinquent contributions under Conn.Gen.Stat. Section 31–89a(b). There is no dispute that the employee benefit plan involved in the action is subject to the requirements of ERISA or that the state statute at issue "relates to" an employee benefit plan as that phrase has been construed by the United States Supreme Court. *See Alessi v. Raybestos Manhattan, Inc.*, 451 U.S. 504, 510, 101 S.Ct. 1895, 1899, 68 L.Ed.2d 402 (1981); *Shaw v. Delta Airlines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Accordingly, if the state statute is not found to be a generally applicable criminal law it is preempted by section 1144(a) and cannot be invoked as a basis for imposing personal liability on the individual defendants.[4]

The issue of which state laws are generally applicable criminal laws for purposes of section 1144(b)(4) has been addressed by a number of courts. The weight of authority holds that laws which impose criminal sanctions for failure to make contributions to an employee benefit plan are not generally applicable criminal laws of a state.

This court agrees that the majority view comports with the meaning of the ERISA preemption statute and furthers Congress' intent to insure exclusive federal regulation of employee benefit plans by preempting any and all state laws that relate directly or indirectly to such plans. Accordingly, we adopt the majority view.

The decisions which have found that state laws similar to the Connecticut statute are preempted by ERISA have reasoned that, by limiting the exclusion from preemption to only those criminal laws of general applicability, Congress manifested an intent to supersede criminal laws directed specifically at employee benefit plans. *Trustees of Sheet Metal Workers' International Association Production Workers' Welfare Fund v. Aberdeen Blower and Sheet Metal Workers, Inc.*, 559 F.Supp. 561, 563 (E.D.N.Y.1983) (section 198–C of New York labor law is not a generally applicable criminal law and is preempted by ERISA); *Baker v. Caravan Moving Corp.*, 561 F.Supp. 337, 341 (N.D.Ill.1983) (Illinois Wage Payment Collection Act is aimed specifically at employee benefit plans and cannot be considered a generally applicable state law); *Blue Cross and Blue Shield of*

---

**3.** 29 U.S.C. Section 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."

29 U.S.C. Section 1144(b)(4) provides that the preemption provision "shall not apply to any generally applicable criminal law of a State...."

This preemption statute is so broad on its face that it has been described as "virtually unique." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 n. 26, 103 S.Ct. 2841 n. 26, 77 L.Ed.2d 420 (1983).

**4.** It is argued that some circuits have advanced a narrow construction of the ERISA preemption provision which would preempt only those state laws that purport to regulate, directly or indirectly, the "terms and conditions" of employee benefit plans. *See Rebaldo v. Cuomo*, 749 F.2d 133, 137 (2d Cir.1984). *But see Authier v. Ginsberg*, 757 F.2d 796 (6th Cir.) *cert. denied*, 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985). The Second Circuit recently clarified its position with respect to preemption by emphasizing that in *Rebaldo* they merely explained that when "a

State statute of general application does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated." *Gilbert v. Burlington Indus., Inc.*, 765 F.2d 320, 327 (2d Cir.1985). However, the court need not address this issue since the Connecticut statute at issue purports to regulate the "terms and conditions" of an employee benefit plan by prescribing those individuals who can be held liable for contributions regardless of whether they are obligated to make contributions pursuant to the terms and conditions of the plan or the collective bargaining agreement between the employer and the union. *See, e.g., Stone and Webster Eng'g Corp. v. Ilsley*, 690 F.2d 323, 329 (2d Cir.1982), *aff'd*, 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983) (Connecticut statute that requires employer to make contribution for former employee which was not bargained for or agreed to in contract between employer and the union is a law that relates to the terms and conditions of an employee benefit plan and is subject to preemption).

*Alabama v. Peacock's Apothecary, Inc.,* 567 F.Supp. 1258, 1267 (D.Ala.1983) (because the criminal penalties of the Pharmacy Act are directed primarily at pharmacists, it is not a generally applicable criminal law and is not exempt from preemption); *Commonwealth v. Federico,* 383 Mass. 485, 419 N.E.2d 1374 (1981) (Massachusetts statute is aimed specifically at employee benefit plans and is not entitled to exception from preemption). *Cf. Calhoon v. Bonnabel,* 560 F.Supp. 101, 109 (S.D.N.Y.1982) (conclusion that New York labor law is a generally applicable criminal law is at odds with clear language of ERISA, its legislative history and its construction by the courts).

Notwithstanding this precedent, the plaintiffs urge the court to adopt the view taken by two New York state courts which held that a state labor law imposing criminal liability on corporate officers who failed to make contributions to employee pension and welfare funds was a generally applicable criminal law.[5] *Sasso v. Vachris,* 116 Misc.2d 797, 456 N.Y.S.2d 629 (Sup.Ct. 1982), *modified,* 106 A.D.2d 132, 482 N.Y. S.2d 875 (1985); *Goldstein v. Mangano,* 99 Misc.2d 523, 417 N.Y.S.2d 368 (1978). *See also National Metalcrafters v. McNeil,* 602 F.Supp. 232 (N.D.Ill.1985).

These New York decisions are not persuasive. The cases held that the labor law was a generally applicable criminal law as characterized by New York law. The courts reasoned that because the state defined a "generally applicable law" as one which extends to the entire state and embraces all persons or things of a particular class, the labor law would be a generally applicable law since it affected all employers within the state. However, the fallacy of this reasoning lies in the fact that the characterization which New York gives to its laws cannot be imputed to Congress in an attempt to ascertain what was meant by the language "generally applicable criminal law." *See Trustees of Sheet Metal Work-*

ers' International Association, 559 F.Supp. at 563.

The better view is that Congress intended the words "generally applicable" to refer to criminal laws that apply to such general conduct as larceny and embezzlement. *Commonwealth v. Federico,* 419 N.E.2d at 1377; *National Carriers Conference Committee v. Heffernan,* 454 F.Supp. 914, 915–16 (D.Conn.1978). By excepting generally applicable criminal laws from preemption "a State is not precluded from prosecuting under a theft statute applicable to the entire population, an employer who steals money from an employee benefit plan simply because the theft involves such a plan." *Commonwealth v. Federico,* 419 N.E.2d at 1178.

In holding that the Connecticut statute is not a generally applicable criminal law within the meaning of section 1144(b)(4) this court is mindful that the exercise of federal supremacy is not to be lightly presumed. *New York Department of Social Services v. Dublino,* 413 U.S. 405, 413, 93 S.Ct. 2507, 2512, 37 L.Ed.2d 688 (1973). However, there are persuasive reasons permitting this court to conclude that "Congress has unmistakably so ordained." *Chicago and Northwestern Transportation Co. v. Kalo Brick and Tile Company,* 450 U.S. 311, 317, 101 S.Ct. 1124, 1129, 67 L.Ed. 2d 258 (1981) (*quoting Florida Lime and Avocado Growers v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963)).

The court's decision is buttressed by a recent Third Circuit case which held that there is no indication either in ERISA or its legislative history to indicate that Congress intended to impose personal liability on a shareholder or officer of a corporation for contributions owed by the corporation. *Solomon v. Klein,* 770 F.2d 352 (3d Cir. 1985). ERISA mandates contributions by "employers" in accordance with their obligations under multiemployer plans or collectively bargained agreements. "Employ-

---

5. At oral argument the plaintiffs also urged the court to find that the legislative history of the Multiemployer Pension Plan Amendments Act of 1980 supports a finding that Congress did not intend to preempt state criminal laws directed to employee benefit plans. The court finds this argument to be without merit.

er" is defined as "a person acting ... indirectly in the interest of an employer." 29 U.S.C. Section 1002(5). Since corporate officers are not included in the extensive enumeration of individuals and entities in the statutory definition of "person", 29 U.S.C. Section 1002(9), it could not have been Congress' intent to expose corporate officers to liability for their employer's violation of ERISA and nothing in the legislative history indicates a contrary finding. *Id.* at 354. *Accord Sheet Metal Workers Local 19 v. Laing Sheet Metal, Inc.*, No. 85–1383, (E.D.Pa. Nov. 26, 1985); *Combs v. Indyk,* 554 F.Supp. 573 (W.D.Pa.1982).

For the foregoing reasons the defendants' motion for summary judgment is granted.