*994 OPINION OF THE COURT
Ellen M. Coin, J.
Defendant moves for an order precluding the People from introducing into evidence at trial his statement made, postarraignment, before a Supreme Court justice in an unrelated case. In the alternative, he moves for an order suppressing the statement as involuntarily made. For the reasons that follow, the motion is denied.
Defendant was arraigned on the instant case on April 5, 2007 on a complaint charging him with criminal contempt in the second degree (in violation of Penal Law § 215.50 [1]) and aggravated harassment in the second degree (in violation of Penal Law § 240.30 [1]). On April 11, 2007, he returned voluntarily on a warrant to Supreme Court, New York County, on an unrelated indictment. Before his attorney appeared in the Supreme Court part, the prosecutor requested that defendant be remanded (1) because defendant’s excuse for his nonappearance was that Daytop, where he was residing, had failed to tell him to come to court, and (2) because of defendant’s arrest on the instant case. The Supreme Court justice advised defendant not to say anything about the instant case because of the presence of the court reporter and the possibility that his statement could be used against him here. The justice then asked defendant if he wanted to say anything. The defendant responded, “Yes. I did not call her.” The justice again advised defendant not to say anything about this case and asked if he wanted to say something else. Defendant proceeded again to talk about the facts in the instant case.
On May 21, 2007, the People advised defense counsel of their intent to introduce into evidence at the trial of this matter defendant’s statements on the record in Supreme Court. Defendant seeks to preclude said statements on the ground that the notice was belated under Criminal Procedure Law § 710.30 (1) (a).
CPL 710.30 requires that the People serve notice within 15 days after arraignment and before trial of their intention to offer at trial evidence of a statement made by defendant to a public servant, “which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to [section 710.20 (3)].” (CPL 710.30 [1] [a]; [2].) Such a statement must be “involuntarily made, within the meaning of section 60.45.” (CPL 710.20 [3].) A statement is “involuntarily *995 made” under CPL 60.45 when it is obtained by a public servant engaged in law enforcement activity in violation of defendant’s state or federal constitutional rights. (CPL 60.45 [2] [b] [ii].)
It is apparent that the Supreme Court justice was not engaged in law enforcement activity under CPL 60.45 (2) (b). (People v Sawyer, 107 AD2d 1045 [4th Dept 1985], lv denied 64 NY2d 1138 [1985]; cf. People v Reilly, 93 Misc 2d 61 [App Term, 1st Dept 1978].) Accordingly, no notice was required pursuant to CPL 710.30. Similarly, defendant’s motion to suppress the statements will not lie, as they are not subject to suppression pursuant to CPL 710.20 (3).
The motion to preclude defendant’s statements is denied, as is the motion to suppress said statements.