[No. B018567. Second Dist., Div. Four. Feb. 20, 1987.]

In re the Marriage of IDA E. and GEORGE A. ALLISON.
GEORGE A. ALLISON, Respondent, v.
IDA E. ALLISON, Appellant;
PACIFIC TELESIS GROUP PENSION PLAN FOR SALARIED
EMPLOYEES, Respondent.

850

COUNSEL

Hillman, Friedman & Cohen, Ira M. Friedman and Gail S. Green for Appellant.

Timothy M. O'Connor and Daniel S. Baha for Respondent Husband.

Wilson & Becks, Harold G. Becks and Carmen D. Hawkins for Respondent Pacific Telesis.

OPINION

KINGSLEY, Acting P. J.—This case involves the right of a wife to insist that her husband elect a joint and survivor annuity under husband's retirement plan.

Husband and wife were married for 27 years, from July 20, 1956, until November 14, 1983, when they separated. Throughout this period, husband was employed by Pacific Telephone (now Pacific Telesis). On November 29, 1983, husband filed for divorce. The case was bifurcated and on July 10, 1985, the court dissolved the marriage, leaving the issue of the property division for a later date.[1]

---

[1]Although the judgment terminating the marriage was filed on July 10, 1985, it was ordered effective as of the date of trial, February 8, 1985. This case is briefed as though the parties

Six weeks later, after the judgment of dissolution but before the property division, husband retired from Pacific Telesis. The retirement plan provided that husband could either elect a life annuity which terminated on his death, or a survivor annuity, which paid a lesser amount each month but which would continue making payments to a surviving spouse after his death. The provisions of the retirement plan limited the survivor annuity to the employee's spouse, who must have been married to the employee on the date of his retirement. Clearly the appellant—the now ex-Mrs. Allison—did not qualify as a surviving annuitant under the simple language of the retirement plan as her marriage to respondent had been dissolved before he retired. Husband therefore elected a life annuity which the court divided as community property between himself and appellant.

Wife appeals, contending that the trial court erred in not ordering Pacific Telesis to issue husband a joint and survivor annuity. She argues that she is entitled to one under federal law.

I

■ The federal Employee Retirement Income Security Act of 1974 as amended by the Retirement Equity Act of 1984, requires pension plans to provide joint and survivor annuities. (29 U.S.C.A. § 1055(a).)[2] Pacific Telesis concedes that its pension plan is governed by this statute. Under 29 United States Code Annotated section 1055(c)(1) and (c)(2), all pensions must be taken as joint and survivor annuities unless the spouse of the employee waives that right in writing, which must be witnessed either by a notary public or by a representative of the pension plan.[3] Section 1055(f), however,

ceased to be married on February 8. Whether or not the court could properly cause the status portion of the decree to be predated we need not decide, since the marriage certainly terminated when the status portion of the decree was filed on July 10, 1985. Under either date, therefore, the parties were not married when the issue of wife's ability to force an election of a joint and survivor annuity arose.

[2] 29 United States Code Annotated section 1055(a) reads: "Each pension plan to which this section applies shall provide that—

"(1) in the case of a vested participant who retires under the plan, the accrued benefit payable to such participant shall be provided in the form of a qualified joint and survivor annuity . . . ."

[3] 29 United States Code Annotated section 1055(c) states: "(1) A plan meets the requirements of this section only if—

"(A) under the plan, each participant—(i) may elect at any time during the applicable election period to waive the qualified joint and survivor annuity form of benefit. . . .

"(2) Each plan shall provide that an election under paragraph (1)(A)(i) shall not take effect unless—

"(A) The spouse of the participant consents in writing to such election, and the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public . . . ."

states that a pension plan need not provide a joint and survivor annuity unless the employee and the spouse have been married for the full year preceding the start of the annuity.[4] The language of the Pacific Telesis's pension plan is considerably more generous than this, simply requiring that the parties be married at the instant the employee retires, and not for the preceding full year. Under neither provision, however, was wife entitled to a joint and survivor annuity, as she was just recently divorced from her husband, and was not married to him when the annuity commenced.

An exception to this provision is made for divorced spouses under 29 United States Code Annotated section 1056 (d)(3)(F). If a court so provides in a qualified domestic relations order, a former spouse has the same right to a joint and survivor annuity as provided above. Moreover, the requirement of section 1055(f) that the parties be married for the full year preceding the annuity is satisfied if the parties were married at any time for at least one year.[5] A qualified domestic relations order was issued in this case on November 26, 1985, when the court finally determined the property rights of the parties, four months after granting the dissolution. However, since husband retired before the property division was made, there was no outstanding qualified domestic relations order at the time he elected to take the life annuity. Since a former spouse only has the right to insist on a joint and survivor annuity if this is so provided in a qualified domestic relations order, appellant could not prevent this election.

We note that this issue arises entirely because the trial court chose to bifurcate the dissolution proceedings. If the status portion of the decree had been issued at the same time as the property division—as is usually the case—appellant would undeniably have had a right to a joint and survivor annuity. In that situation, if the husband had retired before the decree was issued, the parties would still have been married and wife's written permission would have been required before the survivor's benefits could have been waived. If husband had retired after the decree, then a qualified domestic relations order would have been in effect giving wife the same rights. But because the court bifurcated the proceedings, a period of several months was created in which appellant was no longer married to respondent, but was

---

[4]29 United States Code Annotated section 1055(f) states: "(1) . . . a plan may provide that a qualified joint and survivor annuity . . . will not be provided unless the participant and spouse had been married throughout the 1-year period ending on the earlier of—
"(A) the participant's annuity starting date, or
"(B) the date of the participant's death."
[5]29 United States Code Annotated section 1056(d)(3)(F) reads: "To the extent provided in any qualified domestic relations order—(i) the former spouse of a participant shall be treated as a surviving spouse of such participant for purposes of section 1055 of this title, and (ii) if married for at least 1 year, the former spouse shall be treated as meeting the requirements of section 1055(f) of this title."

not protected by a qualified domestic relations order either. It was in this period that husband chose to take early retirement.

As should be obvious, it is fundamentally unfair to allow appellant's property rights to be conclusively determined by a trial court's decision to bifurcate its judgment. This act, taken for the benefit of the trial court, should not divest appellant of any substantive rights. To allow it to do so defeats the very purpose of the federal statute, which is designed to protect the pension rights of nonemployee spouses.

This difficulty is easily resolved. Under California law, it is a "settled principle that one spouse cannot, by invoking a condition wholly within his control, defeat the community interest of the other spouse." (*In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 786 [148 Cal.Rptr. 9, 582 P.2d 96].) By opting to retire in the brief period between the judgment of dissolution and the division of property, husband attempted to do just that. The remedy in this situation is to award wife the actuarial value of her forfeited interest. (*In re Marriage of Gillmore* (1981) 29 Cal.3d 418, 426 [174 Cal.Rptr. 493, 629 P.2d 1].) We therefore reverse the judgment of the trial court and conclude that wife is at least entitled to the actuarial value of the survivorship benefits.

## II

Respondents argue, however, that wife has no community property interest in a survivor annuity as such rights are extinguished by the "terminable interest rule." This doctrine, established in *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649], recognized that a community property interest exists in a pension during the lifetime of the employee spouse, but held that this community interest terminates upon the death of the employee spouse, and does not extend to benefits paid to the surviving spouse. (*In re Marriage of Becker* (1984) 161 Cal. App.3d 65, 70 [207 Cal.Rptr. 392].) In recent years, this rule has come in for considerable criticism. (See, e.g., *Chirmside* v. *Board of Administration* (1983) 143 Cal.App.3d 205, 209 [191 Cal.Rptr. 605].) We conclude that it is inapplicable here. As the court recently noted in *Bowman* v. *Bowman* (1985) 171 Cal.App.3d 148, 155 [217 Cal.Rptr. 174]: "The reason for the rule was to prohibit interference with the contractual mandates and policy considerations of public employment retirement plans. We see no purpose to be served in extending this rationale 'to cut off the nonemployee spouse's community property rights in private, i.e., *nongovernmental,* pensions." (Italics in original.)

We concur with the court in *Bowman*. The survivorship benefits of a private pension plan are a community asset, and may be divided as such.

Federal law provides that a joint and survivor annuity may be granted to a former spouse, and not simply to the employee's widow. Indeed the language of respondent's own pension plan obligates it to pay survivor benefits to former spouses, if the parties divorced after the employee retired. This it would be required to do by the terms of its own plan even if the employee subsequently remarried. We see no interest then that would be served by the application of the terminable interest rule to this case.

## III

While it is clear that appellant is entitled to the actuarial value of the survivorship benefits, appellant claims the additional right to invalidate husband's election of the life annuity and to now change the retirement plan to a joint and survivor annuity. Respondents contend that she cannot, as the state courts are without jurisdiction to do so. They also argue that any order so providing would not be a qualified domestic relations order and thus unenforceable.

29 United States Code Annotated section 1132(e)(1) provides in relevant part: "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter .... State courts ... shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

Subsection (a)(1)(B) states: "A civil action may be brought—

"(1) by a participant or beneficiary—

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Thus, by federal law, state courts are limited to hearing only those actions brought to recover benefits due under the terms of the pension plan or to clarify rights to future benefits under the terms of the pension plan.

As the court noted, however, in *Pacific Bell* v. *Workers' Comp. Appeals Bd.* (1986) 186 Cal.App.3d 1603, 1610 [231 Cal.Rptr. 484], citing *Gors* v. *Venoy Palmer Market, Inc.* (E.D.Mich. 1984) 578 F.Supp.365, 368, this is not much of a restriction, as " '[a]ny attempt to establish a right to benefits will involve a determination of the terms of the plan.' " Here, appellant is suing to establish her right to a joint and survivor annuity. This is a determi-

nation of her rights under the Pacific Telesis pension plan. As such, this court has jurisdiction to hear the action. Although respondents claim that we are without jurisdiction to interpret the terms of the federal statute—as opposed to the terms of the pension plan—we note that the enactment limiting state courts jurisdiction is not phrased in this manner. It does not deny state courts the jurisdiction to interpret federal law. Rather, it limits those *actions* that the state courts can hear. Had Congress desired that the interpretation of the federal statute be beyond the jurisdiction of the state courts, it could no doubt have said so. It has not. Accordingly, we conclude that once an action to determine future benefits is properly before this court, we have concurrent jurisdiction to hear arguments concerning the plan's compliance with federal law.

■ Respondents finally contend that any order now changing the pension plan from a life annuity to a joint and survivor annuity would be unenforceable. As a former spouse, appellant is only entitled to joint and survivor annuity if this is so provided in a qualified domestic relations order (29 U.S.C.A. § 1056 (d)(3)(F)). However, if an order requires the plan to provide greater benefits than the plan allows—determined on the basis of actuarial value—it is not a qualified domestic relations order (29 U.S.C.A. § 1056 (d)(3)(D)). Respondents argue that since husband has been drawing full retirement pay from the time he elected a life annuity (rather than the 90 percent pay due him under a joint and survivor annuity) to change now to a joint and survivor annuity would increase the actuarial value of the retirement plan.

We find this argument totally without merit. Under this reasoning, if Pacific Telesis simply ignored former spouses' rights to joint and survivor annuities, and in the future issued only life annuities, no remedy would lie. Once the first payment was made, any order enforcing the former spouse's rights would increase the actuarial value of the plan and thus would not be a qualified domestic relations order. As to the increase in actuarial value, there is a simple remedy to this problem. Pacific Telesis has merely overpaid husband and wife and may treat this like any other overpayment. Accordingly, we hold that it may recover from both parties the amount of the overpayment or may request the trial court to reduce the future pension payments to the parties until the overpayment is recouped.

Having found neither of respondents' arguments a bar to our consideration of this issue, we conclude that it could never have been the intent of Congress to countenance the situation presented here. The act of the trial court in bifurcating its judgment should not waive appellant's right to a joint and survivor annuity. We therefore hold that on remand, wife is properly entitled to change husband's pension plan to a joint and survivor annuity.

The portion of the judgment of dissolution concerning the property rights of the parties is reversed. That question is remanded to the trial court with directions to issue a qualified domestic relations order awarding wife a joint and survivor annuity under the Pacific Telesis Group Pension Plan for Salaried Employees. Appellant shall recover costs on appeal.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied March 11, 1987.