**Cathy E. SCOTTI, Plaintiff,**

v.

**The LOS ROBLES REGIONAL CENTER and Columbia Hospitals, Defendant.**

**No. CV–00–9362 LGB (cwx).**

United States District Court, C.D. California.

Sept. 29, 2000.

**984**

Lyn A. Woodward, John Welch Miller, Pacific Grove, CA, for plaintiffs.

Glen H. Mertens, Thomas H. Lawrence, John M. Russell, Los Angeles, CA, for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BAIRD, District Judge.

## I. INTRODUCTION

This case arises from Defendants' termination of Plaintiff's health insurance benefits after Plaintiff's six-month leave of absence, pursuant to her coverage under a group health benefit plan. Plaintiff brings an action under California Labor Code § 132a, alleging Defendants discriminated against her by discontinuing her benefits. Defendants bring a motion to dismiss on the grounds that the claim is preempted by the Employment Retirement Income Security Act ("ERISA").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Los Robles Regional Medical Center ("LRRMC") is a health care provider. Cathy Scotti ("Plaintiff") was employed by LRRMC. LRRMC claims that Plaintiff was covered under an employee compensation package. The package allegedly included a group health benefit plan ("Plan") sponsored by The Healthcare Company ("HCA") and governed by ERISA.[1] Under the Plan's self-funded PPO option, the affiliated companies of HCA have the right to discontinue employ-

---

1. Defendants claim that HCA was sued improperly as Columbia Hospitals. *See* Defs.' Memo of P. & A. in Support of Defs.' Mot. to Dismiss at 1 ("Memo"). Plaintiff does not object to this assertion in the opposition.

er-funded coverage when employees are on leave of absence for over six months. This policy applies whether or not the leave is work related. Employees are given the option of continuing their coverage under COBRA when the coverage is discontinued.

On July 4, 2000 and July 10, 2000 Plaintiff was advised by her employer that her group medical benefits would be terminated and thereafter were terminated. *See* Pl.'s Petition for Employment Discrimination at 1 ("Petition"). Defendants argue that Plaintiff was on leave for over six months and, thus, medical benefits were terminated in accordance with the Plan's terms.

On August 2, 2000, Plaintiff filed a Petition for Employment Discrimination with the California Workers' Compensation Appeals Board ("WCAB"), alleging that LRRMC's termination of Plaintiff's medical benefits constituted discrimination and violated California Labor Code § 132a. *See* Petition at 2. Plaintiff seeks an order compelling Defendants to reinstate the group medical benefits and to increase her benefits as a penalty for the termination.

Defendants filed a notice of removal on August 31, 2000. On September 11, 2000 Defendants filed the instant motion to dismiss. Plaintiff opposes the motion on three grounds: (1) the motion is procedurally defective because Defendants failed to comply with meet and confer requirements;[2] (2) removal was improper because this Court has no jurisdiction to adjudicate an issue removed from a workers compensation tribunal; and (3) Labor Code § 132a is not preempted by ERISA.

## III. APPLICABLE LAW

### A. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A complaint fails to state a claim if it does not allege facts necessary to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

In reviewing a Rule 12(b)(6) motion, the court must presume the truth of the factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *see also Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Dismissal under 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (dismissal appropriate only where "plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir.1989). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the plaintiff's claim. *See Usher*, 828 F.2d at 561.

Unless the Court treats a Rule 12(b)(6) motion as a summary judgment motion, the Court is prohibited from considering material outside the complaint. *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir.1991). However, documents not mentioned in the complaint, but which are essential to a plaintiff's case and the authenticity of which is uncontested, can

---

**2.** The Court is presented with a situation where it has Plaintiff's word against Defendants' word as to whether a meet and confer did or did not take place. Although Plaintiff objects to the motion on these procedural grounds, she fails to allege or provide evidence of prejudice to her case. Thus, the Court does not find Plaintiff's argument a sufficient basis for denying Defendants' motion.

be considered by the Court in ruling on the motion. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998).

## B. CALIFORNIA LABOR CODE § 132a

Plaintiff brings a claim under California Labor Code § 132a, alleging that Defendants discriminated against her by "terminating her group medical benefits." Petition at 1, ¶ 4. Labor Code § 132a states:

> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment. (1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

## C. LEGAL STANDARD FOR ERISA PREEMPTION

ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employment benefit plan." 29 U.S.C. § 1144(a). ERISA preempts state action regulating employee benefit plans governed by ERISA and defines preempted state law as legislation and decisions of state agencies that "purport[ ] to regulate, directly or indirectly, the terms and conditions of employee benefit plans. . . . " 29 U.S.C. § 1144(c).

■ ERISA preemption analysis involves three elements: (1) whether the state law relates to an employee benefit plan; (2) whether the state law attempts to reach in one way or another the terms or conditions of an employee benefit plan; and (3) whether the state law regulates insurance, banking, or securities or is a generally applicable criminal law. *See Lane v. Goren*, 743 F.2d 1337, 1339 (9th Cir.1984).

■ Under the first element, state law "relates to" an employee benefit plan if it has "a connection with or reference to" such a plan. *Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A direct relationship to a plan need not be established because an indirect relation to a plan is sufficient to establish preemption. *See Metropolitan Life Ins. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Even indirect state action affecting private pensions may impermissibly encroach on an exclusively federal area. *See Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 524, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). The phrase "relates to" has been read expansively in order to achieve uniformity in employee benefit laws. *See Holland v. Burlington Indus.*, 772 F.2d 1140 (4th Cir. 1985). Thus, a state law which does not directly regulate a employee benefit plan but has an indirect relation to the plan is preempted.

■■ The second element makes preemption dependent on "the conduct to which such law is applied, not on the form or label of the [state] law." *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504–05 (9th Cir.1985). The relevant inquiry is whether the conduct challenged is part of the administration of an employee benefit plan or concerns benefits paid. *See Gilbert v. Scratch 'N Smell, Inc.*, 756 F.2d 320 (4th Cir.1985). Thus, state laws which determine the amount of benefits, require benefits, or provide remedies for misconduct arising from the administration of an ERISA plan are preempted. *See Alessi* 451 U.S. at 504, 101 S.Ct. 1895; *Martori*

*Bros. Distributors v. James–Massengale,* 781 F.2d 1349, 1357 (9th Cir.1986) (ERISA preempts "laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans."). ERISA preempts all state laws that apply to employee benefit plans.

The third element concerns the few exceptions to preemption, which apply to state laws regulating the businesses of banking, insurance, or securities or criminal conduct. *See* 29 U.S.C. § 1144(b).

### D. LEGAL STANDARD FOR REMOVAL OF ERISA CLAIMS

■ In limited circumstances, a federal law's preemptive force can be so powerful as to replace any state law cause of action in the complaint for purposes of the "well-pleaded complaint" rule. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This practice is called "complete preemption," so that what is pleaded as a state law claim and does not provide federal jurisdiction is "recharacterized" as a federal claim and becomes removable. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The doctrine is limited but does apply to state law claims preempted by ERISA. *See* 29 U.S.C. § 1144(a). Thus, "complete preemption" creates federal removal jurisdiction.

■ Although certain state laws are completely preempted by ERISA, claims under such laws are not always within exclusive federal jurisdiction. "State and federal courts have concurrent jurisdiction of civil actions in which an employee seeks to recover benefits or clarify the employee's right to benefits under an ERISA-controlled pension plan." *Pacific Bell v. Workers' Compensation Appeals Board,* 186 Cal.App.3d 1603, 1610, 231 Cal.Rptr. 484 (Cal.Ct.App.1986); *see also* 29 U.S.C. § 1132(a) (state courts have concurrent jurisdiction in actions to recover benefits due or to enforce or clarify rights under

plans governed by ERISA). "While state courts have concurrent jurisdiction, the actions are of course subject to removal on federal question grounds," as created by complete preemption. Schwarzer, et al., *Federal Civil Procedure Before Trial* 2D–58 (1999). Thus, an action preempted by ERISA and commenced in state court may remain there unless defendant properly removes it to federal court.

### IV. ANALYSIS

Defendants argue that Plaintiff's action should be dismissed because it states a state law claim preempted by ERISA. Plaintiff's counterarguments are that her claim is not preempted by ERISA and that this Court does not have jurisdiction because removal was improper.

Plaintiff brings a claim under California Labor Code § 132a, alleging that Defendants discriminated against her by "terminating her group medical benefits." Petition at 1, ¶ 4.

### A. CONSIDERATION OF THE PLAN

■ Although the face of Plaintiff's Petition states a cause of action under § 132a, she bases the claim on the discontinuation of "group medical benefits" provided by her employer. Petition at 1, ¶ 3, 4. Plaintiff cannot circumvent the complete preemption of ERISA by camouflaging a federal benefits law claim in a complaint for discrimination under California state law. *See* Schwarzer at 2D–59. Although the Plan is not directly mentioned in the Petition, the Court finds it to be essential to Plaintiff's claim that the Plan's medical benefits were terminated illegally. As stated in *Pacific Bell,* "[a]ny attempt to establish a right to benefits will involve a determination of the terms of the plan." 186 Cal.App.3d at 1610, 231 Cal.Rptr. 484. Additionally, Plaintiff's opposition brief does not contest the existence, authenticity, or applicability of the Plan even though it was attached as an exhibit to Defendants' Memorandum of Points and Author-

ities. Thus, the Court will consider the Plan alongside the Petition in deciding this motion.

## B. ERISA PREEMPTS PLAINTIFF'S § 132a CLAIM

■ The Plan is governed by ERISA because LRRMC is an employer engaged in commerce and the provisions of ERISA pertaining to the protection of employee benefit rights apply to "any employee benefit plan if it is established or maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce...." 29 U.S.C. 1003(a).

■ Having found that the Plan falls within the scope of ERISA, the Court also holds that the enforcement of § 132a would relate to the employee benefit Plan, reach the terms and conditions of that Plan, and does not fall under one of the exceptions to preemption.

First, § 132a does not directly mention employee benefit plans covered under ERISA. However, the Plan would be essential to analyzing whether Defendants violated § 132a. Such analysis would connect the state law to the ERISA-controlled Plan. The Plan allows the employer to discontinue employer-funded medical coverage when employees are on leave of absence for longer than six months, regardless of their reason for the leave. To determine whether Defendants discriminated against Plaintiff under § 132a, the reviewing body would have to consider the Plan's terms for allowing discontinuation of benefits upon leave of absence. The Plan could potentially serve as the justification for the Defendants' conduct and disprove the allegation of discrimination. A violation of § 132a could not be shown without reference to the Plan, nor can the state law's enforcement stay clear of affecting the Plan's administration. Thus, the state law relates to the Plan in this case.

Second, § 132 reaches the Plan's terms and conditions by punishing conduct set forth in the Plan for the purpose of its administration. Plaintiff is claiming rights to group medical benefits. "Any attempt to establish a right to benefits" has been held to "involve a determination [or clarification] of the terms of the plan." *Pacific Bell*, 186 Cal.App.3d at 1610, 231 Cal.Rptr. 484 *quoting Gors v. Venoy Palmer Market, Inc.* (E.D.Mich.1984).

While § 132 is an anti-discrimination law, preemption depends on "the conduct to which such law applie[s], not on the form or label of the law." *Scott*, 754 F.2d at 1504. The determination of whether Defendants' conduct was discriminatory under § 132a would necessitate an analysis of the terms of the Plan. The Plan's terms set forth the events that justify termination of benefits, the exact conduct challenged in this case and to which § 132a would apply. Section 132 mandates that work benefits be reinstated if the employer is found to have discriminated. The state law further orders the employer to increase the employee's compensation. Hence, Plaintiff's claim under § 132a would potentially require benefits to be reinstated, provide the amount of such medical benefits, and provide a remedy for misconduct arising from the administration of the plan. Such state laws are clearly preempted by ERISA. *See Martori Bros.*, 781 F.2d at 1357; *see also Pacific Bell*, 186 Cal.App.3d at 1603, 231 Cal.Rptr. 484 (state workers' compensation board's action in ordering reinstatement of pension service credits and increased compensation to employee who had been temporarily disabled due to work-related injury, on basis California Labor Code § 132a prohibition of discrimination against employee based on industrial disability, was preempted by ERISA).

The third element under ERISA preemption analysis is not relevant because § 132 does not regulate banking, insurance, or securities businesses and does not concern criminal laws generally. As *Pacific Bell* made clear, "the fact that a section 132a violation constitutes a misde-

meanor does not bring the Board's decision within ERISA's 'generally applicable criminal law' [citation omitted] exception to preemption." 186 Cal.App.3d at 1615, 231 Cal.Rptr. 484.

Based on the two factors of the preemption analysis relevant to this case, the Court finds Plaintiff's claim preempted by ERISA.

## C. THE COURT HAS JURISDICTION BECAUSE REMOVAL WAS PROPER

Plaintiff argues that removal was improper and this Court does not have jurisdiction because a § 132 claim must be pursued before a California Workers' Compensation Appeals Board, a California state body.

The Court finds that it does have jurisdiction because the state law claim is preempted by ERISA and, thus, subject to concurrent jurisdiction. The preemption of Plaintiff's claim provided Defendants with federal question grounds for removal. Since Plaintiff's claim is preempted by ERISA and removal was proper, this Court has jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**